UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MICHELLE HUBER** | * | **CIVIL ACTION NO. 2:20-cv-3059** |
| | * | |
| **VERSUS** | * | **JUDGE:** |
| | * | |
| **BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC.** | * | **MAGISTRATE:** |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\*\*\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\*\*\*\*\* \* \*

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes plaintiff, Michelle Huber (hereinafter referred to as "Plaintiff"), for her original Complaint against defendant, Blue Cross and Blue Shield of Florida, Inc. (hereinafter referred to as "Defendant"), who, respectfully represents as follows:

### PARTIES

1.

At all times pertinent hereto, Plaintiff was a resident of the Parish of Tangipahoa, State of Louisiana, and a citizen of the United States of America.

2.

At all times pertinent hereto, Defendant has been and is now a Florida corporation, organized and existing under the laws of the State of Florida, and has continuously had and does have at least five hundred (500) employees.

### JURISDICTION AND VENUE

3.

The Court has jurisdiction over this matter as Plaintiffs' claims arise under a Federal law, the Americans with Disabilities Act (the "ADA"), 42 USC Section 12101, et seq. The Court has

supplemental jurisdiction over Plaintiff's claims under Louisiana laws pursuant to 28 U.S.C. Section 1367.

4.

Venue of this Complaint has been properly laid in the Eastern District of Louisiana because Plaintiff is a resident of Ponchatoula, Louisiana in Tangipahoa Parish.

5.

The unlawful employment practices alleged in this Complaint were committed within the State of Louisiana.

## COMPLIANCE WITH JURISDICTIONAL REQUIREMENTS OF THE ADA

6.

Due to the ADA's adoption of the powers, remedies and procedures set forth in §§705, 706, 707, 709, and 710 of Title VII of the Civil Rights Act of 1964, as amended, compliance with the jurisdictional requirements of Title VII also indicates compliance with the jurisdictional requirements of the ADA, 42 U.S.C. §12117.

7.

Plaintiff has complied with the jurisdictional requirements of Title VII and, therefore has complied with the jurisdictional requirements of the ADA, to wit: that on or about December 17, 2019, Plaintiff caused a charge of discrimination in employment based upon disability and retaliation to be filed with the Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC"), in accordance with §705 of Title VII.

8.

A Notification of Right to Sue Letter dated August 13, 2020 and was received on August 14, 2020, from the EEOC, and this Complaint has been filed with ninety (90) days of receipt of said Notification of Right to Sue.

**STATEMENT OF THE CASE**

9.

Plaintiff was hired by Defendant on or about April 19, 2004, as a Customer Service Representative.

10.

For almost eight (8) years, Plaintiff worked remotely for Defendant from her home in Louisiana.

11.

Defendant has been aware of Plaintiff's disability, migraines, since at least 2006, when Plaintiff requested and received accommodations approved by Defendant due to her disabilities.

12.

From 2014 through 2016, Plaintiff required up to 11 weeks of FMLA because of her recurrent, unmanageable migraines.

13.

In February 2016, Plaintiff was diagnosed with hemiplegic migraines that cause one sided weakness and total impairment for the duration of the migraine attack, which typically lasts three days.

14.

On or about October 27, 2017, Plaintiff's physician recommended using CBD oil to help manage Plaintiff's migraines when other medications failed to work. When Plaintiff discovered the CBD oil was helping Plaintiff's migraines, she discussed it with her local migraine specialist

15.

Plaintiff informed her supervisor of her migraines and her doctor's recommendation to treat her migraines with CBD oil, and offered to present the recommendation if needed. Plaintiff was told it was not necessary.

16.

Since Plaintiff's physician replaced her former migraine medication with non-psychoactive CBD oil, Plaintiff's work performance improved. She received 5 out of 5 performance ratings for the years 2017 and 2018, reduced her FMLA to 8 weeks, and received a promotion.

17.

In June 2019, Plaintiff was promoted from Senior Technology Specialist to IT Business Analyst.

18.

At a June 19, 2019, Service Desk employees were told that drug tests were required, but that no one would lose their jobs because of the results. Meeting notes from the June 19, 2019, meeting state that, "GWNSM background check is a requirement due to the government. For right now if you do not pass the test you will not be fired but your access for GWNSM would be taken away."

19.

On or about July 2, 2019, Dennis Syrmis, IT Manager and Plaintiff's supervisor, held a team meeting where he informed Plaintiff that she had to take a drug test.

20.

Thereafter, on the same day, Plaintiff spoke with Mr. Syrmis separately and reminded him of her disability and the various medications she took due to her disability, including her use of CBD oil. Mr. Syrmis told her she would not lose her job based on the results of the drug screen, to "play along," and informed her that the recommendation from her doctor for the CBD oil would alleviate any concerns with the drug test results.

21.

Plaintiff complied with her supervisor's advice and submitted a drug test at Defendant's direction on July 8, 2019.

22.

On or about July 29, 2019, Charles Brantley, Employee Relations Consultant for Defendant, called Plaintiff and informed her that they received her drug test results and that Plaintiff's job was on the line.

23.

That same day, Plaintiff emailed Mr. Brantley a copy of her doctor's recommendation of the CBD oil and a letter from her doctor regarding the use of CBD oil for Plaintiff's disability. Plaintiff called Mr. Brantley, who stated that the information Plaintiff supplied was very thorough and ensured her that her job was safe.

24.

Plaintiff was terminated from her employment with Defendant on or about July 30, 2019.

## FIRST CAUSE OF ACTION:

## VIOLATION OF AMERICANS WITH DISABILITIES ACT 42 U.S.C., 12101, *et seq*.

25.

Plaintiff restates and realleges each allegation made above as if set forth fully herein.

26.

Plaintiff's medical condition is a "disability" as defined in 42 USC §12102(2)(A). Plaintiff is disabled within the meaning of the ADA as Plaintiff's hemiplegic migraines substantially limit one or more major life activities.

27.

Plaintiff, at all times pertinent hereto, was an "employee" as defined in 42 USC §12111(4).

28.

Defendant, at all times pertinent hereto, was an "employer" as that term is defined in 42 USC §12111(5).

29.

Defendant had actual knowledge of Plaintiff's disability at the time Plaintiff was terminated from employment by Defendant.

30.

Plaintiff was and is able to perform the essential functions of her job with reasonable accommodation, and these accommodations would not impose an undue hardship on Defendant.

31.

Supervisors and employees intentionally interfered, coerced, and intimidated Plaintiff in violation of the ADA, 42 USC §12112.

32.

Defendant is responsible for and liable for the actions of its supervisors and employees.

33.

Defendant's termination of Plaintiff, and all of the above acts and conduct of Defendant, constitute violation of Plaintiff's right to be free from discrimination in the workplace under 42 U.S.C.A. 12101m *et seq.* on account of her disability.

34.

Further, Defendants' termination of Plaintiff constitutes "retaliation" as that term is defined in 42 USC § 12203(b).

## SECOND CAUSE OF ACTION:
## VIOLATION OF LA. R.S. §23.323, *et seq*.

35.

Plaintiff restates and realleges each allegation made above as if set forth fully herein.

36.

Plaintiff, at all times pertinent hereto, was an "employee" as defined in La. R.S. 23:302(a)(1).

37.

Defendant, as all times pertinent hereto, was and is an "employer" as defined in La. R.S. 23:302(a)(2).

38.

Plaintiff suffers from unmanageable hemiplegic migraines, which constitutes a disability for the purposes of the ADA and La. R.S. §23:322(3). Plaintiff's migraines cause one sided weakness and total impairment for the duration of the migraine attack, typically three days. Plaintiff's migraines substantially limit her ability to perform manual tasks and work, which constitute "major life activities" within the meaning of La. R.S. §23:322(7). As such, she is a member of a protected class as a person with a disability under La. R.S. §23:322(3).

39.

Defendant's termination of Plaintiff was based, in whole or in part, on Plaintiff's disability, migraines, in violation of La. R.S. §23:323.

40.

Plaintiff has given the 30-day written notice in accordance with La. R.S. §23:303(C) when she initially filed a Charge of Discrimination with the EEOC.

### THIRD CAUSE OF ACTION:
### EMPLOYMENT DISCRIMINATION/FAILURE TO ACCOMMODATE
### PURSUANT TO LA. R.S. §23:322

41.

Plaintiff restates and realleges each allegation made above as if set forth fully herein.

42.

Defendant refused to reasonably accommodate Plaintiff by allowing her to use CBD oil, recommended by her physician, when she worked remotely from her home in Louisiana.

43.

Plaintiff is an otherwise qualified person, as her disability, with reasonable accommodation, does not prevent her from performing her duties required by Defendant. In fact, Plaintiff's work performance improved after her physician replaced her prescribed migraine medication with non-psychoactive CBD oil.

44.

Defendant acted in express violation of La. R.S. §23:323 when Defendant refused to allow Plaintiff to use CBD oil to control her migraines and permit her to perform the duties of her particular job.

## DAMAGES

45.

The aforementioned discrimination of Plaintiff has been devastating to her causing Plaintiff: mental distress, humiliation, embarrassment, past and future pain and suffering, and loss of past, present and future income and related employment benefits.

46.

The aforementioned actions of Defendant were intentional and done with a conscious disregard to the rights of Plaintiff. As such, Plaintiff hereby seeks exemplary damages as allowed by law.

47.

Defendant is liable for reasonable attorneys' fees, costs incurred by Plaintiff in pursuing this suit, and for any and all other compensatory and/or equitable damages which are reasonable and allowed by law.

## DEMAND FOR JURY TRIAL

48.

Plaintiff hereby requests a trial by jury.

## PRAYER

**WHEREFORE**, Plaintiff, Michelle Huber, respectfully prays that this Court:

A. Declare the employment practices complained of are unlawful;

B. Order reinstatement of Plaintiff, together with an award of all salary, benefits, seniority, and all other employment emoluments Plaintiff would have received absent unlawful discrimination from the date of termination until time of trial;

C. Or in lieu of reinstatement, that the Court award:

1) Back pay from the date of termination to the time of trial;

2) Front pay; and

3) Future loss of earnings and/or past, present, and future compensatory damages, general damages, and all other relief available by law;

D. Order Defendants to make whole Plaintiff by providing compensation for pecuniary losses, including but not limited to, costs to be incurred for health and life insurance premiums and costs of seeking new employment, in an amount to be determined by trial.

E. Order Defendant to make whole Plaintiff by providing compensation for nonpecuniary losses, including emotional pain, suffering, inconvenience, and mental anguish in amounts to be proven at trial;

F. Order Defendant to pay Plaintiffs' costs and expenses and reasonable attorneys' fees as provided by law.

G. Award pre-judgment interest as provided by law;

H. Grant a trial by jury; and

I. Grant such further relief the Court deems necessary and proper;

Respectfully Submitted,

**CHEHARDY, SHERMAN, WILLIAMS, MURRAY, RECILE, STAKELUM & HAYES, L.L.P.**

/s/ *Matthew A Sherman*
JENNIFER LEE (#27726 )
MATTHEW A. SHERMAN (#32687)
MEGHAN E. RUCKMAN (#37293)
One Galleria Blvd., Suite 1100, Metairie, LA 70001
P. O. Box 931, Metairie, LA 70004-0931
Telephone: (504) 833-5600
Fax: (504) 833-8080
*Attorneys for Plaintiff*

**PLEASE SERVE:**

**BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC.**
*Through Its Registered Agent:*
CHIEF FINANCIAL OFFICER
200 E. GAINES STREET
TALLAHASSEE, FL 32399-0000