### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**MICHELLE HUBER**                                    **CIVIL ACTION**

**VERSUS**                                            **NO:  20-3059**

**BLUE CROSS & BLUE SHIELD OF**                       **SECTION: "S" (1)**
**FLORIDA, INC.**

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendant's **Motion to Dismiss Plaintiff's Complaint** (Rec. Doc. 9) is **GRANTED in part,** and plaintiff's ADA retaliation claim is **DISMISSED**. In all other respects the motion is **DENIED**;

**IT IS FURTHER ORDERED** that defendant's alternative **Motion for Summary Judgment** (Rec. doc. 9) is **DENIED** as premature.

### BACKGROUND

The following factual allegations are excerpted from plaintiff's Complaint. Plaintiff was hired by defendant, Blue Cross & Blue Shield of Florida ("BCBS") on or about April 19, 2004, as a Customer Service Representative. For almost eight years, plaintiff worked remotely for defendant from her home in Louisiana. Plaintiff requested and received accommodations for her migraines in 2006. From 2014 through 2016, plaintiff required up to eleven weeks of FMLA leave due to her recurrent, unmanageable migraines.

In February 2016, plaintiff was diagnosed with hemiplegic migraines that cause one-sided weakness and total impairment for the duration of the migraine attack, which typically

lasts three days. In 2017, plaintiff's primary care physician recommended using non-psychoactive CBD oil to help manage her migraines when other medications failed to work. Plaintiff discussed using the CBD with her migraine specialist. Plaintiff was told it was not necessary for her to provide documentation of the recommendation. While using the CBD oil, plaintiff's work performance improved. She received 5 out of 5 performance ratings for the years 2017 and 2018, reduced her FMLA leave to eight weeks, and received a promotion in June 2019 from Senior Technology Specialist to IT Business Analyst.

At a June 19, 2019 meeting, Service Desk employees were told that due to federal contract requirements, drug tests were required, but that no one would lose their jobs because of the results. Meeting notes from the June 19, 2019, meeting state that, "GWNSM background check is a requirement due to the government. For right now if you do not pass the test you will not be fired but your access for GWNSM would be taken away."

In July 2019, Dennis Syrmis, IT Manager and Plaintiff's supervisor, held a team meeting where he informed plaintiff that she had to take a drug test. The same day, plaintiff spoke with Syrmis separately and reminded him of her disability and the various medications she took due to her disability, including CBD oil. Syrmis told her she would not lose her job based on the results of the drug screen, to "play along," and informed her that the recommendation from her doctor for the CBD oil would alleviate any concerns with the drug test results. Plaintiff complied with her supervisor's advice and submitted a drug test at defendant's direction on July 8, 2019.

Thereafter, Charles Brantley, Employee Relations Consultant for BCBS, called plaintiff and informed her that they received her drug test results and that plaintiff's job was on the line.

2

The same day, plaintiff e-mailed Brantley a copy of her doctor's recommendation of the CBD oil and a letter from her doctor regarding the use of CBD oil for her disability. Brantley stated that the information plaintiff supplied was very thorough and ensured her that her job was safe.

Plaintiff was terminated from her employment with BCBS on July 30, 2019. She filed a complaint with the EEOC and on August 13, 2020 received a Right to Sue notice. On November 10, 2020, she filed the instant suit, alleging that BCBS violated the Americans with Disabilities Act, 42 U.S.C. §12101, et seq. ("ADA") by intentionally interfering with, coercing, and intimidating her in violation of 42 U.S.C §42 U.S.C. § 12203(b), terminating her on account of her disability in violation of 42 U.S.C. §12101 et seq. and terminating her in retaliation for her disability in violation of in 42 U.S.C. § 12203(a). Plaintiff further alleges that BCBS violated the Louisiana Employment Discrimination Law, La. R.S. § § 23:322 and 23:323 ("LEDL") by terminating her on account of her disability, and failing to accommodate her as required by the statute by not allowing her to use hemp-based CBD oil to control her migraines.

BCBS has filed the instant motion to dismiss, arguing that plaintiff has failed to state a claim. The essence of its argument is that it terminated plaintiff's employment not on account of her disability, but for illegal drug use, as it is entitled to do under Louisiana's at-will employment regime. Alternatively, BCBS seeks summary judgment, arguing that plaintiff cannot establish that she was a qualified individual under the ADA or LEDL, and could not perform the essential functions of her position, because she used illegal drugs, and that plaintiff cannot show that its proffered reason for termination was pretextual.

## DISCUSSION

### I. Motion to Dismiss

#### A. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. "To survive a Rule 12(b)(6) motion to dismiss, 'enough facts to state a claim for relief that is plausible on its face' must be pleaded." In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. v. Twombly, 550 U.S. 544 (2007). A claim is plausible on its face when the plaintiff pleads facts from which the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. 544, 555 (citations omitted). The court "must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party." In re S. Scrap Material Co., LLC, 541 F.3d 584, 587 (5th Cir. 2008).  However, the court need not accept legal conclusions couched as factual allegations as true.  Iqbal, 556 U.S. at 678.

In considering a motion to dismiss for failure to state a claim, a district court may consider only the contents of the pleading and the attachments thereto. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000) (citing Fed. R. Civ. P. 12(b)(6)). However, the district court "may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are

4

central to a plaintiff's claims." <u>Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.</u>, 748 F.3d 631, 635 (5th Cir. 2014).

### B.  ADA Wrongful Termination Claim

The ADA prohibits an employer from discriminating against a "qualified individual with a disability on the basis of that disability." 42 U.S.C. § 12112(a). Unlawful discrimination includes an employer's failure to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability ..., unless [the employer] can demonstrate that the accommodation would impose an undue hardship on the operation of [its] business." <u>Id.</u> (quoting 42 U.S.C. § 12112(b)(5)(A)).

To state a prima facie case of termination due to disability discrimination, a plaintiff must allege that (1) she has a disability; (2) she was qualified for the job; and (3) that she was terminated on account of her disability. <u>E.E.O.C. v. LHC Group, Inc.</u>, 773 F.3d 688, 697 (5th Cir. 2014).

An individual is disabled within the meaning if the ADA if she (1) has a physical or mental impairment that substantially limits one or more major life activity; (2) has a record of such an impairment; or (3) is regarded as having such an impairment. 42 U.S.C. § 12102(1). An individual is qualified for her position if she can perform the essential functions of the position with or without reasonable accommodation. <u>Shirley v. Precision Castparts Corp.</u>, 726 F.3d 675, 678 (5th Cir. 2013) (citing 42 U.S.C. § 12111(8)).

In this case, plaintiff alleges that she is disabled due to unmanageable migraines, that BCBS has been aware of plaintiff's disability since at least 2006, and that BCBS regarded her as

disabled because it granted requested accommodations in the form of FMLA leave due to her

migraines. Plaintiff further alleges that she was qualified for her job, because her disability, with

reasonable accommodation, does not prevent her from performing her duties. She further alleges

that her work performance improved after her physician replaced her prescribed migraine

medication with non-psychoactive CBD oil. Plaintiff specifically alleges that she was terminated

on account of her disability.

While BCBS has moved for dismissal arguing that plaintiff's positive drug test rendered

her unqualified for her position, plaintiff disputes the validity of the drug test, and alleges she

was discharged because of her disability. On a motion to dismiss, the court takes the allegations

of the complaint as true and views them in the light most favorable to the plaintiff. Accepting

plaintiff's allegations as true, she has adequately pleaded the elements of a prima facie ADA

wrongful termination claim.

### C. ADA Retaliation Claim

The ADA prohibits retaliation against an individual because the individual opposed any

act or practice prohibited by the ADA, or participated in an investigation, proceeding, or hearing

under the ADA. 42 U.S.C.A. § 12203(b). Thus, this provision is directed not at individuals who

suffer discrimination on account of a disability, but who suffer adverse consequences for

opposing a discriminatory practice or making a charge of discrimination under the ADA. Id.; see

also, Lyons v. Katy Indep. Sch. Dist., 964 F.3d 298, 305 (5th Cir. 2020). To state an ADA

retaliation claim, a plaintiff must allege (1) engagement in an activity protected under the ADA;

(2) an adverse employment action; and (3) a causal connection between the protected act and the

adverse employment action. Seaman v. CSPH, Inc., 179 F.3d 297, 301 (5th Cir. 1999).

While plaintiff's complaint clearly alleges she was terminated due to her disability, her allegation regarding retaliation is conclusory, merely alleging that "Defendants' termination of Plaintiff constitutes "retaliation" as that term is defined in 42 USC § 12203[a]." Complaint, ¶ 34. Plaintiff's complaint does not allege that she was terminated because she "opposed any act or practice made unlawful by [the ADA] or because [she] made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [the ADA]." To the contrary, the complaint reflects that plaintiff did not initiate an EEOC complaint until December 17, 2019, approximately four and half months after she was terminated, so her discharge cannot have been in retaliation for that protected activity. Accordingly, even reviewing the allegations of the complaint in plaintiff's favor, she has not adequately stated a claim that BCBS discharged her in retaliation for engaging in any activity protected by the ADA.

### D.  ADA Interference Claim

The ADA also makes it unlawful

to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by [the ADA].

42 U.S.C. § 12203(b). Thus, to establish an ADA interference claim, a plaintiff must show: (1) that she was engaged in an activity protected under the ADA; and (2) that the defendant coerced, intimidate, threatened, or interfered with either her exercise of a right under the ADA, her enjoyment of a right under the ADA, or her aiding or encouragement of another to exercise a

right under the ADA.

Plaintiff engaged in a protected activity by seeking an accommodation requesting that she be allowed to use hemp-derived CBD oil to manage her migraines. Plaintiff argues that BCBS interfered with her rights when Brantley informed her that her job was on the line when they received her drug screen results, when in response to her email documenting her CBD oil use, Brantley informed her that her documentation was very thorough and that her job was safe, and when Syrmis assured her that her physician-recommended use of CBD oil would alleviate any concerns with her drug test, and despite these communications, she was terminated. Enforcing a policy in a way that penalizes a disabled employee for availing herself of a reasonable accommodation for her disability interferes with the employee's ADA rights. Accepting plaintiff's allegations as true, Huber has adequately pleaded an interference claim against BCBS.

### E.  LEDL Claims

Plaintiff claims that BCBS violated Louisiana state disability law by (1) terminating her on account of her disability, and (2) failing to accommodate her as required by the statute by refusing to allow her to use hemp-based CBD oil to control her migraines.

### 1. Claim for termination due to disability

The LEDL makes it unlawful to discharge or otherwise discriminate against an otherwise qualified person with a disability on account of her disability. La. Rev. Stat. § 23:323(B)(2). Because the same legal analysis is applicable to plaintiff's wrongful termination claims under both the LEDL and the ADA claims, plaintiff's allegations that were adequate to state a wrongful termination claim under the ADA also suffice under the LEDL. Credeur v. Louisiana Through

Off. of Att'y Gen., 860 F.3d 785, 791, n. 3 (5th Cir. 2017).

**2. Claim for failure to Accommodate**

The LEDL prohibits employers from discriminating against disabled individuals by failing to make reasonable accommodations for qualified disabled individuals. La. Rev. Stat. § 23:323(B)(1). To prevail on a failure-to-accommodate claim brought under either the LEDL or the ADA, a plaintiff must prove that (1) she is a qualified individual with a disability; (2) the disability with its consequential limitations were known by the covered employer; and(3) the employer failed to make reasonable accommodations for the known limitations. Feist v. Louisiana, Dep't of Justice, Office of the Atty. Gen., 730 F.3d 450, 454 (5th Cir. 2013).

Plaintiff has adequately pleaded that she is disabled, and that defendant was aware of her disability since 2006. She has also pleaded that BCBS refused to reasonably accommodate her because it refused to allow her to use non-psychoactive, hemp-derived CBD oil, prescribed by her physician, when she worked remotely from her home in Louisiana. Thus, plaintiff has adequately pleaded an LEDL failure to accommodate claim.

## II. Motion for Summary Judgment

### A. Legal Standard

Rule 56 of the Federal Rules of Civil Procedure provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In analyzing the appropriateness of summary judgment in an ADA discrimination claim, courts utilize the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Hammond v. Jacobs

9

Field Servs., 499 F. App'x 377, 380–81 (5th Cir. 2012). Under that framework, a plaintiff must

first establish a prima facie case of discrimination. Id. (citing McDonnell Douglas, 411 U.S. at

802). If the plaintiff establishes a prima facie case, the burden shifts to the employer, who must

articulate a legitimate, nondiscriminatory reason for the adverse employment action. Id. If the

employer satisfies that burden, the burden of production reverts back to the plaintiff, who must

show that the defendant's proffered reason was a pretext for illegal discrimination. Id. (citing

McDonnell Douglas, 411 U.S. at 804. "A prima facie case coupled with a showing that the

proffered reason was pretextual will usually be sufficient to survive summary judgment." Id.

(citing Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 146–48 (2000) (ADEA case);

E.E.O.C. v. Chevron, 570 F.3d at 615 (citing Reeves for the proposition that McDonnell Douglas

applies in ADA discrimination cases)).

Rule 56(d) of the Federal Rules of Civil Procedure provides:

If a nonmovant shows by affidavit or declaration that, for specified reasons, it
cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

Although Rule 56(d) states that a nonmovant must file an affidavit or declaration supporting the

requested continuance, "so long as the nonmoving party indicates to the court by some

equivalent statement, preferably in writing of its need for additional discovery, the nonmoving

party is deemed to have invoked the rule." Int'lShortstop, Inc. v. Rally's Inc., 939 F.2d 1257,

1266-67 (5th Cir. 1991) (quotations and citations omitted).

BCBS has moved for summary judgment, contending that Huber cannot establish that she was a qualified individual under the ADA or LEDL, and that she could not perform the essential functions of her position. Specifically, BCBS argues that Huber's positive drug test rendered her unqualified for the position, citing its longstanding substance abuse policy that prohibits the use of illegal drugs when reporting to work or teleworking. BCBS further argues that assuming plaintiff established a prima facie case, she cannot establish that its stated reasons for her discharge were a pretext for unlawful discrimination.

Because Huber alleges that she used legal, hemp-derived CBD oil prescribed by her physician, a fact issue exists as to whether plaintiff violated BCBS's drug policy. She further argues that because she did not violate the policy, her discharge cannot have been based upon it, and thus the proffered reason was a pretext. Plaintiff further contends that to date discovery has not commenced, and that summary judgment is premature. The court agrees that issues implicated in the motion for summary judgment cannot be resolved on the record before it, and summary judgment would be premature. Accordingly,

**IT IS HEREBY ORDERED** that defendant's **Motion to Dismiss Plaintiff's Complaint** (Rec. doc. 9) is **GRANTED in part,** and plaintiff's ADA retaliation claim is **DISMISSED**. In all other respects the motion is **DENIED**;

**IT IS FURTHER ORDERED** that defendant's alternative **Motion for Summary**

11

**Judgment** (Rec. doc. 9) is **DENIED** as premature.

 

New Orleans, Louisiana, this  <u>17th</u>  day of March, 2021.

<u>_Mary Ann Vial Lemmon_</u>
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

12