UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHELLE HUBER                               CIVIL ACTION

VERSUS                                       NO: 20-3059

BLUE CROSS AND BLUE SHIELD                   SECTION: "S" (1)
OF FLORIDA, INC.

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendant's **Motion in Limine to Exclude Expert Testimony of Dr. Philip Blair and Dr. C. Ann Conn** (Rec. Doc. 31) is **DENIED** insofar as Dr. Blair's testimony is concerned, and **GRANTED in part** insofar as Dr. Conn's testimony is concerned.

## BACKGROUND

Plaintiff's suit alleges defendant, Blue Cross and Blue Shield of Florida ("BCBS"), violated the Americans with Disabilities Act, 42 U.S.C. §12101, et seq., and the Louisiana Employment Discrimination Law, La. R.S. § § 23:322 and 23:323, by terminating her on account of her disability and failing to accommodate her as required by statute by not excepting her from a drug testing requirement that flagged her as positive for impermissible drug use due to her use of hemp-based CBD oil to control her migraines.

Plaintiff recently informed defendant that she intends to offer "fact/expert" testimony of her treating physicians, Dr. Philip Blair and Dr. C. Ann Conn, at the trial of this matter. Defendant has moved to exclude their testimony, arguing that plaintiff failed to file an expert

report as required for retained experts by Federal Rule of Civil Procedure 26(a)(2)(B). Alternatively, defendant argues that plaintiff failed to make timely summary disclosures as required by Federal Rule of Civil Procedure 26(a)(2)(C) for treating physicians. Additionally, defendant contends that Dr. Blair is not a treating physician.

In her initial discovery requests, plaintiff identified Dr. Blair and Dr. Conn as persons with discoverable information, stating that both "may have information concerning the allegations of this suit, including Plaintiff's medical condition and disability." Rec. Doc. 31-2. In a subsequent discovery response, plaintiff failed to list the doctors as persons with discoverable information or identify them as experts, either retained or not, who would provide opinion testimony at trial, objecting on prematurity grounds because the expert deadline, September 3, 2021, had not passed.

Plaintiff did not identify either of them as experts in accordance with this deadline, but on February 5, 2022, indicated for the first time that she would be relying on expert testimony. On March 3, 2022 plaintiff's counsel informed the defendant that she may call Dr. Conn and Dr. Blair as "fact/expert" witnesses. Plaintiff's counsel failed to accede to a defense request to supplement discovery responses with the nature of the experts' opinions, in order for defense counsel to determine if deposing them was necessary. Defendant thus reached out to depose the doctors, but decided to forgo deposing Dr. Conn because her fee was $2000 per hour. Dr. Blair was deposed on March 29, 2022, after the deadline for pre-trial motions.

## DISCUSSION

Under Federal Rule of Civil Procedure 26(a)(2)(B), if a witness is "retained or specially

2

employed to provide expert testimony in the case," the witness must prepare and sign a written expert report that includes a "complete statement of all opinions the witness will express and the basis and reasons for them." Non-retained experts, such as treating physicians, do not need to prepare an expert report. Fed. R. Civ. P. 26(a)(2)(C)(i-ii). Rather, "[a] treating physician may testify to his opinions about a plaintiff's injuries if his testimony is based on knowledge acquired during the course of his treatment of the plaintiff," without having to provide a report. Knorr v. Dillard's Store Servs., Inc., 2005 WL 2060905, at *3 (E.D. La. Aug. 22, 2005).

However, parties must disclose the subject matter on which non-retained experts will present evidence and "a summary of the facts and opinions to which [they are] expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(i-ii). Most of the disclosures must be made "at least 90 days before the date set for trial or for the case to be ready for trial." Fed. R. Civ. P. 26(a)(2)(D)(i).

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. Proc. 37(c)(1). To determine whether a violation of Rule 26 is harmless under Rule 37(c), the court considers: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and, (4) the explanation for the party's failure to disclose. Tex. A & M Research Found. v. Magna Transp., Inc., 338 F.3d 394, 402 (5th Cir. 2003).

In this case, the witnesses in question are not retained experts, but rather plaintiff's

3

treating physicians.[1] Trial is set for June 13, 2022, making March 15, 2022 the deadline for providing disclosures of testifying, non-retained expert witnesses. Plaintiff argues that she has complied with the requirements of the Federal Rules, because since August 19, 2019 (prior to filing suit), BCBS has been in possession of a letter to BCBS from Dr. Blair, including her treatment history, requesting that an exception be made for plaintiff to the BCBS policy requiring termination for employees based on a positive urine drug test for THC. Plaintiff characterizes the letter as an expert report. With respect to Dr. Conn, plaintiff further argues that BCBS has been in possession of Dr. Conn's letter setting forth her diagnosis and treatment of plaintiff since July 2019.

Except to contend that Dr. Blair's letter should be considered an expert report, plaintiff has not made any argument that her failure to comply with the rules regarding treating physicians' summaries was substantially justified, and the court finds that it was not. Accordingly, the court's task is to determine whether plaintiff's failure in this regard was harmless. Fed. R. Civ. Proc. 37(c)(1).

With respect to Dr. Blair, the court finds that depending upon the content of other trial testimony, which cannot be anticipated at this juncture, the testimony of plaintiff's treating physician may be important. Further, because defendant has been aware of the nature of Dr. Blair's opinions and actually deposed him, prejudice is minimal. While plaintiff's explanation of

---

[1] With respect to defendant's contention that Dr. Blair was not a treating physician, his deposition testimony reflects that he began seeing her in 2017, that he considered her a patient, and had approximately six telemedecine visits with her over the course of her treatment for chronic, disabling migraines. Rec. Doc. 53-1, 24-25.

her failure timely to disclose Dr. Blair as a testifying treating physician is wanting, he was identified in her original disclosures, and the defendant has been in possession of his letter since prior to the filing of suit. Accordingly, Dr. Blair may provide opinion testimony as plaintiff's treating physician to the extent that testimony is based on knowledge acquired during the course of his treatment of the plaintiff.

With respect to Dr. Conn, on the record before it, the court cannot conclude that any opinion testimony she would provide is "important." See Tex. A & M Research Found. v. Magna Transp., Inc., 338 F.3d 394, 402 (5th Cir. 2003). The gist of her testimony is that she diagnosed plaintiff with hemiplegic migraines, knew she was treating them with CBD oil, and agreed with that as a course of treatment. None of those facts are in dispute. To the extent she would testify to opinions beyond that, the defense has been given no summary or other indication of what opinions she would offer, and would therefore be prejudiced in defending any such testimony. However, because she is plaintiff's treating physician, she may testify as a fact witness concerning her treatment of plaintiff, to the extent any such testimony is relevant, non-cumulative, and otherwise admissible. Accordingly,

**IT IS HEREBY ORDERED** that defendant's **Motion in Limine to Exclude Expert Testimony of Dr. Philip Blair and Dr. C. Ann Conn** (Rec. Doc. 31) is **DENIED** insofar as Dr.

Blair's testimony is concerned, and **GRANTED in part** insofar as Dr. Conn's testimony is concerned.

New Orleans, Louisiana, this 13th day of May, 2022.

_____
MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE